UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEVELL MORGAN,

                    Plaintiff,

v.                                             Case No. 23-cv-972-pp

WELLPATH, LLC
and MILWAUKEE COUNTY,

                    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 22)**

---

      Plaintiff Levell Morgan, who is incarcerated at Racine Correctional Institution and representing himself, is proceeding on Fourteenth Amendment claims in this lawsuit under 42 U.S.C. §1983. On January 8, 2024, the court received the plaintiff's motion to appoint counsel. Dkt. No. 22. The plaintiff says he is unable to afford counsel, and his imprisonment "and limited education in legal experiences will greatly limit his ability to litigate. Id. at ¶¶1–2. He says the issues in his case are complex and "require significant research and investigation." Id. at ¶2. The plaintiff opines that counsel would be better able to present his case at trial and says he has unsuccessfully attempted to recruit an attorney on his own. Id. at ¶¶3–4. He attached two letters he sent to firms asking for assistance and one letter declining his request. Dkt. No. 22-1. That letter says the firm "generally do[es] not handle cases where [it] ha[s] received unsolicited emails, letters, or phone calls" and makes clear that it is

"not interested in taking [his] case." Id. at 4. The plaintiff filed a brief and a declaration in support of his motion, which reiterate the facts of his case and elaborate on his reasons for requesting recruited counsel. Dkt. Nos. 23, 24.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and

when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the plaintiff articulated his case to the prospective lawyer. Id. Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This

includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He attached letters that he says he sent to firms whose help he sought and did not receive a response. He did receive a response from a third firm that declined to take his case, but that letter does not address the merits of the plaintiff's case. The court nonetheless finds that the plaintiff's efforts show he sufficiently attempted to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says he cannot afford an attorney and does not feel capable of litigating this lawsuit on his own. Those alleged difficulties unfortunately are common for incarcerated persons, and the court is aware of the difficulty incarcerated persons face litigating cases on their own. But as the court noted above, the Constitution does not entitle the plaintiff to an attorney to represent him in this civil case, and there are not enough attorneys willing and able to represent *pro se* plaintiffs. That the plaintiff is on his own in a state facility with scarce

4

Case 2:23-cv-00972-PP   Filed 04/09/24   Page 4 of 6   Document 29

resources is, unfortunately, a situation that the court sees very often. These common issues do not justify the court recruiting counsel at this stage.

Nor has the plaintiff demonstrated that he is one of those *pro se* litigants most in need of an attorney to litigate this case adequately. The plaintiff's complaint thoroughly details his allegations across twenty-eight pages. Dkt. No. 1. He also attached several exhibits, to which he cited throughout his complaint. Dkt. No. 1-1. The complaint shows that the plaintiff has an intimate knowledge of the facts of his case and the relevant legal issues at play. The plaintiff's filings since the court screened his complaint—this motion and various requests for papers—show he has no difficulty asking the court for additional information relevant to his case. These well-pleaded, researched documents do not suggest that the plaintiff is unable to litigate his case actively and effectively without counsel's assistance.

The court will be flexible in giving the plaintiff reasonable additional time if he believes he needs it to litigate the lawsuit. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if additional time does not resolve the issue, it may be appropriate to recruit counsel to represent the plaintiff. The court also notes the plaintiff's belief that counsel would be better able to litigate at trial. That may be true, but there is no guarantee this case will proceed to trial. The parties currently are engaged in discovery and have until June 12, 2024 to file dispositive motions. Dkt. No. 21. If the court does

not decide this case at summary judgment, then it is possible there will be a trial. If the case reaches that stage, the court may reconsider recruiting counsel to assist the plaintiff. But at this stage of the litigation, and for the reasons explained above, the court concludes that the plaintiff has not shown that he is unable to effectively litigate this matter on his own. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means that he may renew his request for assistance later in this case, if necessary.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 22.

Dated in Milwaukee, Wisconsin this 9th day of April, 2024.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER
Chief United States District Judge**