UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELL MORGAN,

       Plaintiff,

v.                  Case No. 23-cv-972-pp

WELLPATH, LLC
and MILWAUKEE COUNTY,

       Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DKT. NO. 38)**

  Plaintiff Levell Morgan is proceeding under 42 U.S.C. §1983 on claims that the defendants violated his Fourteenth Amendment rights. The court screened the plaintiff's complaint over a year ago—on October 11, 2023. Dkt. No. 11. On December 12, 2023, the court issued a scheduling order requiring the parties to complete discovery by May 13, 2024 and to file dispositive motions by June 12, 2024. Dkt. No. 21. The court later granted the defendants' motion to extend those deadlines and ordered the parties to complete discovery by July 29, 2024 and to file dispositive motions by August 26, 2024. Dkt. No. 32. The court has since twice more extended the parties' deadline to file dispositive motions (Dkt. Nos. 35, 37), but it has not extended the parties' July 29, 2024, deadline to complete discovery.

  On October 28, 2024, the court received the plaintiff's motion for leave to file an amended complaint. Dkt. No. 38. The plaintiff says that "his original

complaint raised allegations to state a claim against several individuals that were not named defendants." Id. at ¶1. He says that he since has received "discovery documents" and he requests twenty-one days "from the deadline for 'Dispositive Motions' to substantiate those claims against those individuals." Id. at ¶2.

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The plaintiff's request to amend falls outside of that timeframe. That means that he may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs courts to "freely give leave when justice so requires." Id. Nonetheless, district courts retain discretion in deciding whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The court will deny the plaintiff's request for leave to amend his complaint. In the October 11, 2023 screening order, the court explained that "it is possible that the plaintiff could state a claim against one or more of [the] individuals" identified in his complaint but that he "merely name[d] those persons in describing his allegations; he did not name any of them as defendants or say that he wanted to proceed on a claim against any of them."

Dkt. No. 11 at 12. The court did not allow the plaintiff to proceed against those persons. In the year since the court issued that order, the plaintiff has made no attempt to proceed against those individuals, nor has he filed anything suggesting he might want to do so. As the court has recounted, discovery closed on July 29, 2024. The plaintiff has not explained why he waited until three months after the close of discovery to move to amend his complaint based on information obtained from "discovery documents." Nor does he explain why he said nothing about adding new defendants since then, even as the defendants were requesting extensions of the deadline for filing dispositive motions. This unexplained, undue delay is reason for the court to deny the motion.

The plaintiff's request also does not comply with the court's local rules governing amending complaints. The court's Civil Local Rules require a party moving to amend to "reproduce the entire pleading as amended," attach the proposed amended pleading to the motion and "state specifically what changes are sought by the proposed amendments." Civil Local Rule 15(a)–(b) (E.D. Wis.). The plaintiff did not attach a proposed amended complaint and has not explained what specific changes he proposes. He says he wants to "substantiate" claims against individuals identified in the complaint but not named as defendants. But he does not identify which individuals he wants to amend his complaint to proceed against, does not identify which claims he wants to add and does not provide any facts to suggest how he will "substantiate" those claims against those persons. This failure to comply with the court's local rules

is further reason to deny his motion. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for self-represented plaintiffs).

For these reasons, the court will deny the plaintiff's request for leave to amend his complaint. The parties' deadline to file dispositive motions remains December 9, 2024. See Dkt. No. 37.

The court **DENIES** the plaintiff's motion for leave to amend his complaint. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**