UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELL MORGAN,

                Plaintiff,

v.                                                         Case No. 23-cv-972-pp

WELLPATH, LLC
and MILWAUKEE COUNTY,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 49)**

On December 23, 2024, the court stayed this case because of the pending bankruptcy proceedings involving defendant Wellpath, LLC in the United States Bankruptcy Court for the Southern District of Texas. Dkt. No. 48. The court administratively closed this case "until the automatic stay is lifted or until some other order of the bankruptcy court removes from Wellpath the protections of the bankruptcy code." Id. at 2–3. The court advised the parties that they could move to reopen the case once either of those events occurred. Id. at 3.

On January 28, 2025, the court received the plaintiff's motion for reconsideration of its order staying and administratively closing this case. Dkt. No. 49. The plaintiff asserts that Milwaukee County is not a "non-debtor" defendant and is instead a "debtor" that is "not entitled to bankruptcy protection laws solely by way of contractual agreements." Id. at ¶1. He says that Milwaukee County had "an inherent duty to provide quality healthcare to

persons in [its] care." Id. at ¶2. He says Milwaukee County agreed to Wellpath's policies limiting offsite appointments for persons incarcerated within Milwaukee County facilities, which "expose[d] incarcerated person[s] to a high risk of harm." Id. at ¶6. He says that by contracting out services for medical care of its incarcerated population, Milwaukee County adopted Wellpath's inadequate policies and exposed it to litigation. Id. at 4. He claims that Milwaukee County "was on notice" that Wellpath's employees and policies "were causing problems at the jail" but failed to investigate or intervene. Id. He contends that anyone viewing "the evidence" would conclude that Wellpath's "plan to restrict medical specialty service with extremely conservative treatment" would expose Milwaukee County to liability. Id. at 5. He asks the court to reconsider its ruling and allow this litigation to move forward against Milwaukee County. Id. He notes that Milwaukee County "has indemnification if a ruling is in favor of the plaintiff in this matter." Id.

Milwaukee County responded to the plaintiff's motion, which it says the court should analyze under Federal Rule of Civil Procedure 60(b). Dkt. No. 50. The County says the court should deny the plaintiff's motion because the case is administratively closed until the bankruptcy proceedings have completed, and those proceedings remain ongoing. Id. at 2. The County also asserts that the plaintiff "fails to make any argument that would satisfy one of Rule 60's 'exacting' requirements and therefore has waived any such argument." Id. The County further contends that the plaintiff cannot meet any of Rule 60(b)'s requirements because the bankruptcy proceedings remain ongoing. Id. at 2–3.

The County notes that the bankruptcy court recently extended the stay on actions involving Wellpath's current clients or customers through at least February 18, 2025, and the County "is a current customer of Wellpath pursuant to a medical services contract that includes an indemnification provision." Id. at 3 (citing Dkt. No. 45). The County says it will notify the court when the stay is lifted. Id. The plaintiff did not file a reply to Milwaukee County's response to his motion.

On March 3, 2025, Wellpath filed a status update on the bankruptcy proceedings. Dkt. No. 51. Wellpath says that on February 18, 2025, the bankruptcy court issued a bench ruling extending the automatic stay "until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025." Id. at 3. Wellpath says that two days later, the bankruptcy court memorialized its bench ruling in a written order. Id. at 2–3 (citing Dkt. No. 51-1). Wellpath reiterates that the automatic stay on all lawsuits involving Wellpath and its employees remains in effect until the earlier of the three above options. Id. at 3. The plaintiff did not respond to Wellpath's status update.

The plaintiff does not state the basis for his motion for reconsideration. Milwaukee County says the court should construe his motion as if brought under Rule 60(b). But that rule provides authority for a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). There is no final judgment, order or proceeding in this case. As the court noted above, the court has stayed and administratively

closed this case pending resolution of the bankruptcy proceedings. The court's previous order is not final, so Rule 60(b) does not apply and cannot be the basis for the plaintiff's motion.

The court instead will construe the plaintiff's motion as if brought under Federal Rule of Civil Procedure 54(b), which applies to motions to reconsider non-final orders. That Rule provides, in part,

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Motions for reconsideration serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that wasn't available before the court ruled. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" is demonstrated by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff does not suggest the court made a manifest error of law or fact in its previous order staying and administratively closing this case, and he provides no new evidence that was not previously available. He instead asserts that Milwaukee County must be held liable for the actions of Wellpath and its employees because the two entered a contract for Wellpath to provide

4

Case 2:23-cv-00972-PP   Filed 03/24/25   Page 4 of 6   Document 52

healthcare services to persons incarcerated at Milwaukee County facilities, and the care Wellpath provided was inadequate. This is merely a restatement of the plaintiff's basis for the defendants' liability from his complaint. See Dkt. No. 11 at 10 (citing Dkt. No. 1 at ¶¶41, 45). The court determined in the screening order that the plaintiff had alleged sufficient facts to hold Wellpath and Milwaukee County liable for the allegedly inadequate medical treatment that the plaintiff says he received while at the Milwaukee County Jail. Id. at 11–14.

The court did not stay this action against Milwaukee County because its liability is in question. As the court explained in the previous order, the court stayed this action because the bankruptcy court ordered all lawsuits against Wellpath, its employees and non-debtor defendants stayed pending resolution of the bankruptcy proceedings against Wellpath. See Dkt. No. 48 at 1–2. Milwaukee County is not in bankruptcy and is not receiving or entitled to bankruptcy protections; other matters against Milwaukee County that do not involve Wellpath may proceed. This case must be paused because Wellpath is a named defendant. The plaintiff offers nothing suggesting that the court erred by staying this case pursuant to the bankruptcy court's orders, and he provides no basis for the court to reconsider its ruling and lift the stay.

The court reiterates that until the bankruptcy court lifts the automatic stay or otherwise orders Wellpath removed from the protections of the bankruptcy code, this case will remain closed. Wellpath has informed the court that that may occur by April 30, 2025. The court advises the parties to provide updates as available to ensure this litigation resumes as soon as practicable.

5

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 49.

This case remains administratively closed.

Dated in Milwaukee, Wisconsin this 24th day of March, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**