UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVELL MORGAN,

          Plaintiff,

v.                                                  Case No. 23-cv-972-pp

WELLPATH, LLC
and MILWAUKEE COUNTY,

          Defendants.

## ORDER REOPENING CASE, GRANTING DEFENDANT WELLPATH'S UNOPPOSED MOTION TO DISMISS (DKT. NO. 54) AND DISMISSING WELLPATH

On July 20, 2023, the court received plaintiff Levell Morgan's complaint under 42 U.S.C. §1983, asserting claims of deliberate indifference to his serious medical needs against Wellpath, LLC and Milwaukee County. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims under the Fourteenth Amendment and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978). Dkt. No. 11.

On December 12, 2023, after counsel had appeared for both defendants, the court issued a scheduling order setting deadlines for the parties to complete discovery and file dispositive motions. Dkt. No. 21. Over the next ten months, the court granted the defendants' motions to extend those deadlines. Dkt. Nos. 27, 32, 35, 37. The court also denied the plaintiff's requests for appointment of counsel, dkt. no. 29, and for leave to amend his complaint, dkt. no. 39.

On November 19, 2024, defendant Wellpath filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay. Dkt. No. 41. The notice stated that on November 11, 2024, Wellpath filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas (Houston Division). Id. Based on the notice, this court issued an order staying proceedings in this case only as they related to Wellpath. Dkt. No. 42 (citing 11 U.S.C. §362(a)(1)). On December 5, 2024, the court granted defendant Milwaukee County's motion to vacate the dispositive motion deadline because of the stay and the ongoing bankruptcy proceedings. Dkt. No. 44. On December 23, 2024, the court stayed all proceedings and administratively closed the case "until the automatic stay is lifted or until some other order of the bankruptcy court removes from Wellpath the protections of the bankruptcy code." Dkt. No. 48 at 2–3. The court denied the plaintiff's motion to reconsider that order. Dkt. No. 52.

On May 21, 2025, Wellpath provided a status update about the bankruptcy proceedings. Dkt. No. 53. Wellpath stated that on May 1, 2025, the bankruptcy court had entered an order confirming Wellpath's First Amended Joint Chapter 11 Plan of Reorganization (the Plan). Id. at 1. On May 9, 2025, the bankruptcy court had lifted the automatic stay, and Wellpath was "discharged from liability for all claims . . . involving incidents that happened before the bankruptcy (i.e., before November 11, 2024)." Id. at 2. The plan provides that claimants still awaiting judgment on claims against Wellpath may participate in alternative dispute resolution or litigate against the liquidating trust as a nominal defendant. Id. Wellpath also explained that incarcerated

individuals who had personal injury claims pending against non-debtor defendants (Wellpath's directors, officers and other employees) had until July 30, 2025 "to opt out of the third-party releases of claims against non-debtor defendants under the Plan." Id. at 3; see Dkt. No. 53-1 at 52, ¶43 (bankruptcy court order of May 1, 2025). Wellpath explained that because the events in the instant case allegedly occurred before November 11, 2024, the plaintiff's claims against Wellpath have been discharged. Dkt. No. 53 at 3. The plaintiff's remaining options are "either to proceed with the Liquidating Trust's non-binding alternative dispute resolution process, or litigate against the Liquidating Trust as a nominal Defendant." Id.

On June 20, 2025, Wellpath filed a motion to dismiss the plaintiff's claims against it and to dismiss Wellpath from this case. Dkt. No. 54. Wellpath reiterates that the plan approved by the bankruptcy court discharges "all Claims and Causes of Action against Wellpath Holdings, Inc. and its affiliated debtors" and enjoins the "holders of such Claims and Causes of Action . . . from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding." Id. at ¶5 (citing 11 U.S.C. §524(a)); see Dkt. No. 54-1 (bankruptcy court order of May 1, 2025).

Wellpath states that on June 4, 2025, the bankruptcy court entered an order "providing guidance regarding the impact of the chapter 11 cases, including the Plan's discharge and injunction, on stayed prepetition actions against the Debtors and the entities against whom holders of Claims and Causes of Action could continue to pursue pursuant to the Plan." Dkt. No. 54

at ¶7; Dkt. No. 54-2. The June 4, 2025 order states that "all Claims and Causes of Action against the Debtors are discharged as a result of the Plan becoming effective." Dkt. No. 54 at ¶8 (citing Dkt. No. 54-1 at 129 (Plan Article IX.A)). The June 4, 2025 order also states that "holders of Claims and Causes of Action that are discharged or released are permanently enjoined from among other things . . . 'commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests.'" Id. at ¶9 (quoting Dkt. No. 54-1 at 134 (Plan Article IX.F)). Wellpath states that holders of claims against Wellpath *or* its employees "who did not affirmatively opt out of the Third Party Release . . . are permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against" Wellpath. Id. at ¶10. Wellpath asserts that any attempt by parties who did not opt out of the release "to proceed with their Claims or Causes of Action against the Debtors violates the Injunction and such Claims or Causes of Action must be dismissed against the Debtors pursuant to the Confirmation Order and Stay Order." Id. at ¶11. Those parties must seek recovery from the liquidating trust, which is "limited to a pro-rata distribution from the Trust," and claimants may not seek additional payment on their claims from Wellpath or outside of the trust. Id. at ¶12.

On July 10, 2025, defendant Milwaukee County requested an extension of time to respond to Wellpath's motion to dismiss. Dkt. No. 56. The court granted that request, extending the deadline for responding to August 11,

2025. Dkt. No. 58. That date has passed, and Milwaukee County has not filed a response to the motion to dismiss.

Nor has the plaintiff responded to the motion to dismiss, and his time to do so has passed. Nor did the plaintiff inform this court that he asked to opt out of the third-party release by the July 30, 2025 deadline. The docket in Wellpath's bankruptcy case shows that the plaintiff did not file an opt-out request there. See In re Wellpath Holdings, Inc., Case No. 24-90533, (Bankr. S.D. Tex.). The court has not received any correspondence from the plaintiff since it received his motion for reconsideration on January 28, 2025. Dkt. No. 49. Wellpath included with its motion a certificate of service certifying that it had sent the motion to dismiss to the plaintiff at Racine Correctional Institution. Dkt. No. 54-3. Wellpath also provided a certificate of service of the May 21, 2025 status update containing the terms of the plan and the July 30, 2025 opt-out date. See Dkt. No. 53-3. The Wisconsin Department of Corrections website shows that the plaintiff remains incarcerated at Racine. See https://appsdoc.wi.gov/lop/home/home (DOC #594070). The court has no reason to believe the plaintiff did not receive a copy of Wellpath's motion or its previous update about the bankruptcy proceedings.

The approved reorganization plan calls for the discharge of all claims against Wellpath for events that occurred before November 11, 2024. The plaintiff's complaint involves events that allegedly occurred from August 2021 through April 2023. Because the bankruptcy court has approved the plan and because the plaintiff has not opposed Wellpath's motion to dismiss, the court

5

Case 2:23-cv-00972-PP    Filed 08/28/25    Page 5 of 7    Document 59

will grant Wellpath's motion and will dismiss Wellpath as a defendant from this case. See Thomas v. Corizon Health, Inc., Case No. 25-1275, 2025 WL 2171021, at *1 (7th Cir. July 31, 2025) (recognizing that once a bankruptcy court's deadline for claimants to act has passed, it is "too late" for claimants— even those representing themselves—to challenge or opt out of the reorganization plan).

Wellpath's motion to dismiss also asserts that the plaintiff failed to opt out of the third-party release by the July 30, 2025 deadline. But Wellpath's May 21, 2025 status update and the bankruptcy court's June 4, 2025 order both state that the third-party release extends only to claims against *non-debtor* defendants, which includes Wellpath *employees* and not Wellpath. See Dkt. Nos. 53 at 2–3, 54-2 at ¶2. The plaintiff did not sue any Wellpath employees; he brought a Monell claim against Wellpath itself. He was not required to opt out of the third-party release for his claims against Wellpath. But whether or not the plaintiff was required to opt out of the plan is immaterial because there is no evidence that he opted out. The plan provides that the plaintiff may pursue his claim against Wellpath by seeking recovery from the liquidating trust in alternate dispute resolution or in separate litigation.

The court will lift the stay that it imposed on December 23, 2024, reopen this case, dismiss defendant Wellpath and allow the plaintiff to proceed on his claim against defendant Milwaukee County only. The court will issue a

6

Case 2:23-cv-00972-PP    Filed 08/28/25    Page 6 of 7    Document 59

separate order setting new deadlines for the remaining parties to complete discovery and file dispositive motions.

The court **LIFTS** the stay imposed on December 23, 2024 (Dkt. No. 48) and **ORDERS** that this case is **REOPENED**.

The court **GRANTS** defendant Wellpath, LLC's unopposed motion to dismiss. Dkt. No. 54. The court **ORDERS** that defendant Wellpath is **DISMISSED**.

The court will enter a separate order setting new deadlines for the remaining parties in this case.

Dated in Milwaukee, Wisconsin this 28th day of August, 2025.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**